OREN BITAN (SBN: 251056)
AARON LEVINE (SBN: 299260)
**BUCHALTER**
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
(213) 891-0700
Email:  obitan@buchalter.com

Attorneys for Plaintiff PAYCHEX ADVANCE
LLC DBA ADVANCE PARTNERS

WILLIAM C. MORISON (No. 99981)
JOANNE M. WENDELL (No. 191785)
**MORISON LAW, LLP**
3478 Buskirk Avenue, Suite 342
Pleasant Hill, CA 94523
Telephone: (925) 937-9990
Facsimile: (925) 937-3272
Email:  wcm@morison.law

Attorneys for Defendant and Third-Party
Plaintiff DEPLOY HR, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYCHEX ADVANCE LLC DBA ADVANCE PARTNERS,<br><br>Plaintiff,<br><br>v.<br><br>DEPLOY HR, INC.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTION. | Consolidated Nos. 3:21-cv-04685-WHO<br>3:19-cv-06061-WHO<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:    December 6 2022<br>Time:    2:00 PM<br>Place:   Courtroom 5 (Video) |

## **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

### I.   **JURISDICTION AND SERVICE**

The Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332.  Complete diversity of citizenship between the parties exists, and the

amount in controversy exceeds $75,000.  Defendant Deploy HR, Inc. has been served and appeared in this action.  Third-party defendants PEI Staffing, LLC ("PEI"), David Epstein ("David"), and Danielle Epstein ("Danielle") were each served with Deploy's Third-Party Complaint.  None of the third-party defendants appeared in 3-21-cv-04685-WHO.  Default was entered against each of them in 3:21-cv-04685-WHO (ECF 62, 66, 71).  The court struck PEI's answer and dismissed PEI's cross-claims without prejudice for failure to prosecute in 3:19-cv-06061-WHO (ECF 50, 54, 55).

## II.    STATEMENT OF FACTS

### A.    Plaintiff's Statement of Facts

Paychex is engaged in the business of providing operating capital to businesses throughout the United States. The mechanism by which Paychex is able to fund business operations for other companies it to purchase the right to receive payments on accounts receivable. Generally speaking, Paychex enters into a Factoring and Security Agreement with a company by which Paychex agrees to pay the company a percentage of an invoice in exchange for taking an assignment of the account receivable. In addition to taking the assignment of the account receivable, Paychex takes a security interest in the account receivable under article nine of the Uniform Commercial Code. Through these types of factoring agreements, companies are able to have more stable cash flow and achieve great sophistication in their A/R management, which is vital for economic growth and prosperity. These types of factoring agreements are a well-recognized form of asset-based financing.

In February 2011, Advance Payroll Funding ("APF") entered into a Factoring and Security Agreement ("FSA") with PEI Staffing, LLC, a Maryland limited liability company ("PEI"). Pursuant to the FSA, APF agreed, among other things, to make advances to pay the weekly wages for employees that PEI placed with its customers.  In exchange, PEI agreed to grant APF a continuing first priority security interest in PEI's collateral, which was defined to include PEI's then owned or later

acquired rights to monetary obligations based on PEI's ordinary course of business. In December 2015, Paychex acquired APF's assets, including the FSA.

Mr. Epstein met Deploy's CFO, Jeff Mitchell, in late 2016 at a golf tournament hosted by Paychex. Thereafter discussions began about Deploy and Mr. Epstein's Company, PEI, working with one another. The plan was for PEI to take over as the employer of record primarily responsible for, among other things, providing personnel for, and processing and funding the payroll for personnel assigned to work at a WCD warehouse in Nazareth Pennsylvania (referred to hereinafter as the "Distribution Center").

Even though there was no signed written agreement between them, Deploy began providing employees to work at the Distribution Center in early June 2017. Paychex financed and processed the payroll for *all* of the employees assigned to the Distribution Center for the entirety of PEI's relationship with Deploy, and Deploy was invoiced for this process on a weekly basis. Deploy's financial records show that Deploy paid Paychex directly for the invoices that related to the processed payroll.

By letter dated June 23, 2017, Paychex notified Deploy that Paychex was the owner of PEI's present and future accounts, and that Paychex perfected its interest in the assigned accounts by filing a UCC-1 financing statement pursuant to the applicable provisions of the Uniform Commercial Code. The June 23, 2017 letter directed Deploy to make payments on PEI's accounts to Paychex.

On the morning of August 24, 2017, Miguel Almonte Garcia, a PEI employee, died in an accident at the Distribution Center. There was no written contract signed between PEI and Deploy at this time, and Mr. Mitchell testified that he was still working on the contracts when he learned of the accident. The parties finally signed written agreements with one another – one of which was a Subcontract Supplier Agreement (the "SSA") pursuant to which PEI agreed to "supply qualified Personnel to [Deploy] for placement at [World Class Distribution, Inc.] to perform the requested

services ("Services") at prices mutually agreed on by [Deploy] and [PEI] – several hours *after* Mr. Garcia's death. Paychex acquired all rights to monies due and owing by Deploy to PEI under the SSA by virtue of its December 2015 transaction with APF.

For the majority of its relationship with PEI, Deploy sent payments for processed payroll directly to Paychex. That changed however in or around July 7, 2019, when Deploy stopped paying certain invoices. There is no dispute that Deploy has not paid at least seven invoices totaling approximately $1,021,730.97. Deploy understood that these invoices directed payment to Paychex, not PEI.

Notwithstanding the above, Deploy claims it was excused from paying these invoices because PEI owed it indemnity for lawsuits that were filed relating to Mr. Garcia's death. Paychex contends, among other things, the timing of the signing of the SSA renders this purported obligation invalid. Accordingly, Paychex's position is that Deploy does not have a valid basis for refusing to pay the monies it owes to Paychex.

The amount currently owed to Paychex is approximately $769,689.00.

**B.    Defendant's Statement of Facts**

Defendant Deploy HR, Inc. ("Deploy") is in the business of providing staffing as well as on site management, administrative and support services. Deploy and third-party PEI Staffing, LLC ("PEI"), entered into two agreements. Under the first agreement, the "Staffing and Services Agreement" ("SSA"), PEI agreed to provide personnel to Deploy for placement at a client's distribution center for a fee, and PEI agreed to insure, defend, and indemnify Deploy, as well as to provide insurance coverage for Deploy as an additional insured on PEI's insurance policies. Under the second agreement, the Management Services Agreement ("MSA"), Deploy agreed to provide management, administrative and support services to PEI for a fee. Both agreements are nonassignable except in writing signed by the parties. At no time did Deploy agree that either agreement could be assigned.

Paychex originally alleged that PEI entered into two agreements with third party Advance Payroll Funding ("APF").  Under the first agreement, the Factoring Security Agreement ("FSA"), PEI agreed to *offer* to sell its accounts to APF for a purchase price, and APF has the right to purchase accounts it determines to be Eligible Accounts.  Under the second agreement, the "Addendum" to the FSA, APF agreed to advance $1,088,615 to PEI, and PEI agreed to repay the amount by allowing APF to deduct $1500 per week from PEI's weekly funding under the FSA. Paychex's second amended complaint ("SAC") omits the "Addendum", asserting simply that Deploy owes $1,088,615 to PEI under the SSA and that Paychex is entitled to that sum "by virtue of the Transaction" as PEI's assignee under the SSA.[1] Paychex never affirmatively alleges that APF exercised its alleged right under the FSA to purchase any purported account held by PEI against Deploy.  The current amount allegedly owing to Paychex is approximately $750,000, due to PEI payments to Paychex.

Paychex was unable to provide any evidence or testimony that its purported June 23, 2017 letter to Deploy was ever sent.  Deploy testified that it was never received.  Paychex admitted that it had no evidence the letter was ever sent, and that it never followed up in any manner whatsoever to confirm Deploy's receipt.  Paychex apparently sent invoices to PEI.  Paychex never sent invoices directly to Deploy.  PEI prepared and sent its *own* (not Paychex's) invoices to Deploy and directed Deploy where to send payment for each.  Based on that direction, Deploy sent certain payments directly to Paychex and others to PEI.

Paychex's SAC purports to allege claims against Deploy under California law for "open account", "services rendered", and "breach of contract".  All of Paychex's claims depend on PEI's alleged assignment of the SSA to APF (and Paychex's alleged purchase of APF's rights via the "Transaction").  The SAC fails to allege that

---

[1] As Deploy pointed out in its motion to dismiss and in its opposition to Paychex's motion for summary judgment, PEI owes funds to Deploy under the MSA, not the other way around.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

APF actually purchased any "account" between PEI and Deploy. Paychex has produced no evidence that it acquired APF's rights under the FSA. Further, even if the alleged assignment was valid, Deploy may assert against Paychex any defenses or claims Deploy has against PEI. *See, e.g.*, without limitation, California Uniform Commercial Code section 9-404 (a).

The Court consolidated the present case ("*Paychex v. Deploy*") (ECF 17) with an earlier-filed case in this District, *Deploy HR, Inc. v. PEI Staffing, LLC*, No. 19-CV-06061-WHO ("*Deploy v. PEI*") (ECF 34).

*Deploy v. PEI* arises from two underlying cases (one for wrongful death and the other for insurance coverage) venued in Pennsylvania and Maryland, respectively.

## III.   LEGAL ISSUES

Paychex alleges, and Deploy refutes, that Deploy's stated justification for refusing to pay the monies it owes to Paychex fail as a matter of law.   These issues were briefed -in Paychex's Motion for Summary or Partial Summary Judgment (ECF 72 and 73 (moving papers), 78 (opposition), 79 (reply), and 81 (objection to evidence first submitted with reply).

Deploy denies the substance of Paychex's allegations and named PEI and its principals, David and Danielle Epstein, as third-party defendants in a third-party complaint which includes causes of action for breach of contract, indemnity, intentional misrepresentation and deceit, and RICO violations. None of the third-party defendants appeared in 3-21-cv-04685-WHO. Default was entered against each of them (ECF 62, 66, 71). Additionally, the Court struck PEI's answer and dismissed PEI's cross-claims without prejudice for failure to prosecute in 3:19-cv-06061-WHO (ECF 50, 54, 55).

## IV.   MOTIONS

Paychex filed a Motion for Summary or Partial Summary Judgment on or around September 26, 2022. The Motion was heard by the Court and taken under

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

submission on or around November 9, 2022 (ECF 72, 73, 78, 78-1 through 14, 79, 81).  Other than relevant pretrial or post-trial filings, the parties do not anticipate filing any additional motions.

## V.     AMENDMENT OF PLEADINGS

Paychex filed a Second Amended Complaint on December 10, 2021, which Deploy answered on January 10, 2022.  The parties do not anticipate further amendments to the pleadings.

## VI.     EVIDENCE PRESERVATION

Counsel for the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Federal Rules of Civil Procedure rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.   The parties did not experience any issues regarding electronically stored information.

## VII.     DISCLOSURES

Paychex and Deploy exchanged initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26 on or around January 18, 2022.

## VIII.  DISCOVERY

Discovery has closed.

## IX.     CLASS ACTIONS

This is not a class action.

## X.     RELATED CASES

*Deploy v. PEI*, No. 3:19-cv-06061-WHO, is related to *Paychex v. Deploy*, 3:21-cv-04685-WHO.  The cases have been formally consolidated.

## XI.     RELIEF

Paychex seeks approximately $769,689.00 from Deploy.

Deploy seeks a defense verdict against Paychex's demand.  Deploy has already obtained default against PEI, David, and Danielle in *Paychex v. Deploy*, 3:21-cv-

04685-WHO.  The court has stricken PEI's answer and dismissed PEI's cross-claims against Deploy in *Deploy v. PEI*, No. 3:19-cv-06061-WHO. Deploy seeks breach of contract damages from PEI for PEI's failure to procure insurance coverage, as well as damages for fraud and RICO violations.

## XII.   SETTLEMENT AND ADR

On April 6, 2022, the parties participated in an ADR session with Mediator Jeffrey Faucette, and on October 18, 2022 the parties participated in a Settlement Conference before Magistrate Judge Thomas S. Hixon.  The case did not settle. Paychex remains willing to discuss potential resolution of its claims against Deploy.

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Deploy does not consent to the appointment of a Magistrate Judge for all purposes.

## XIV.  OTHER REFERENCE

The parties do not believe that this action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.   NARROWING OF ISSUES

Paychex filed a dispositive motion which may serve to narrow or eliminate issues.  The parties are amenable to meeting and conferring in advance of trial to stipulate, if possible, to issues of uncontested fact and authenticity of documents.

## XVI.  EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A, based on the need for anticipated discovery and motion practice, among other factors.

## XVII. SCHEDULING

The Court's current schedule order is set forth in Section II.1 below.  At this time neither Paychex nor Deploy anticipate requiring any further modification to this schedule.

**XVIII.    TRIAL**

The parties have demanded a jury trial.

**XIX. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES</u>**

Paychex has filed a Certification of Interested Entities or Persons that states in pertinent part:

1.    Paychex is a wholly owned subsidiary of Paychex Holdings, LLC;

2.    The parent corporation of Paychex Holdings, LLC is Paychex, Inc.; and

3.    Paychex, Inc. is a publicly traded corporation.

Deploy has filed a certification of interested entities and persons stating in pertinent part that: "the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

**XX. <u>PROFESSIONAL CONDUCT</u>**

Counsel for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI. <u>OTHER MATTERS</u>**

This case has been consolidated with *Deploy v. PEI*, Case No. 3:19-cv-6061-WHO.

On or around February 5, 2019, Merarda Garcia-Minalla, Administratrix of the Estate of Miguel Almonte Garcia, filed a wrongful death and survival action against PEI, Deploy, WCD, and others in the Court of Common Pleas of Philadelphia County. That action, entitled *Merarda Garcia-Minalla v. World Class Distribution, Inc., et al.* (the "Wrongful Death Action"), has been transferred to The Court of Common Pleas of Lehigh County, Pennsylvania, Civil Division, and accepted by that court as Docket No. 2021-C-0158. PEI filed a motion for summary judgment in the Wrongful Death Action, which was granted on or around October 31, 2022.

On June 6, 2019, PEI's general liability insurer, Philadelphia Indemnity Insurance Company ("Philadelphia"), filed a Declaratory Relief action in the Circuit Court for Baltimore County, Maryland, entitled *Philadelphia Indemnity Insurance*

*Company v. Deploy HR, Inc., et al.*, case number C03CV19001838 (the "MD Action"). On April 28, 2022, the court granted summary judgment in Philadelphia's favor finding, among other things, that (1) there was no signed written contract between PEI and Deploy until after Mr. Almonte Garcia died and (2) Philadelphia had no duty to defend or indemnify Deploy HR, Inc. and WCD in the Wrongful Death Action. Deploy has appealed that decision.

## XXII.  JOINT REPORT IN COMPLIANCE WITH FRCP 26(F)(2)

      1.    Remaining <u>Deadlines</u>

The remaining dates and deadlines set in this action are:

Exchange Per Civil L.R. 16-10(b)(7), (8), (9), (10)

| | |
|---|---|
| And Motions in Limine | December 26, 2022 |
| Meet & Confer – Joint Pre-Trial Conf. Statement | January 2, 2023 |
| Joint Pre-Trial Conference Statement Due: | January 9, 2023 |
| Final Pre-Trial Conference: | January 23, 2023 |
| Trial Date: | February 21, 2023 |

Dated: November 29, 2022      **MORISON LAW, LLP**

By: */s/ William C. Morison*
      William C. Morison
      Attorneys for Defendant And Third-
      Party Plaintiff
      DEPLOY HR, INC.

Dated: November 29, 2022

**BUCHALTER**
A Professional Corporation

By:  */s/ Oren Bitan*
Oren Bitan
Attorneys for Plaintiff
PAYCHEX ADVANCE LLC
DBA ADVANCE PARTNERS

*I, Oren Bitan, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

By:  */s/ Oren Bitan*
Oren Bitan